# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| PATRICIA MERKOVICH and MARIA WOLF, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>Defendant. | Case No.: 19-cv-382<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Patricia Merkovich is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Maria Wolf is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes.

6. Defendant United Collection Bureau, Inc. ("UCB") is a foreign corporation with its principal offices located at 5620 Southwyck Boulevard, Toledo, OH 43614.

7. UCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. UCB is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

9. UCB is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

### *Facts Related to Plaintiff Merkovich*

10. On or about March 14, 2018, UCB mailed a debt collection letter to Plaintiff Merkovich regarding an alleged debt owed to "DEPARTMENT STORES NATIONAL BANK (DSNB)" ("DSNB"). A copy of this letter is attached to this complaint as Exhibit A.

11. Upon information and belief, the alleged debt referenced by Exhibit A was incurred by use of a "Macy's" store-branded credit card, used only for personal, family or household purposes.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff Merkovich inserted by computer.

13. Upon information and belief, Exhibit A is a form debt collection letter used by Defendant to attempt to collect alleged debts.

14. Exhibit A indicates the balance of Plaintiff Merkovich's alleged debt is $3,887.50.

2

15. Additionally, <u>Exhibit A</u> includes the following settlement offers:

> **Option #1**  A lump sum payment of $1,749.38 to settle the account, due by 03-30-2018.
> (Refer to plan 4506348)        (A 55% savings)
>
> **Option #2**  A settlement of $2,138.13 in twelve payments, the first payment of $178.15 due by the 30th of this month and eleven additional payments of $178.18 due by the 30th of each month.
> (Refer to plan 4506349)        (A 45% savings)
>
> Upon the timely receipt of the entire agreed upon settlement amount and clearance of funds this account will be settled and United Collection Bureau, Inc. will report the settlement to your creditor. We are not obligated to renew these offers.

16. The settlement offer listed under "Option #2" states that the monthly installment payments due through February of 2019 are due "by the 30th of each month."

17. There is, however, no 30th day of February in 2019.

18. <u>Exhibit A</u> also states that "[u]pon timely receipt of the entire agreed upon settlement … this account will be settled…. We are not obligated to renew these offers."

19. Upon reading the settlement offer listed under "Option #2," the unsophisticated consumer would have no idea whether the final payment was due on February 28, 2019, March 1, 2019, March 2, 2019, or another date and whether failure to submit the final payment by the proper due date would result in the revocation of the settlement offer.

20. Upon information and belief, as a matter of course, UCB would accept installment payments on the last day of each month, including 31-day months, without canceling the settlement arrangement notwithstanding the representation that installments are due on the 30th day of each month.

21. The false and misleading representation that each installment is "due" on the 30th would have a material effect on the unsophisticated consumer because it is not uncommon for consumers to receive their paychecks on the last day of the month.

22. Plaintiff Merkovich was misled and confused by <u>Exhibit A</u>.

23. The unsophisticated consumer would be misled and confused by <u>Exhibit A</u>.

3

## Facts Related to Plaintiff Wolf

24.     On or about April 17, 2018, Citibank, N.A. ("Citibank") mailed Plaintiff Wolf an account statement associated with a "Sears Card," with an account number ending in 9051. A copy of this account statement is attached to this complaint as Exhibit B.

25.     Exhibit B contains the following representations:



26.     Exhibit B also contains the following:



27.     Exhibit B states that, as of the statement's closing date, April 17, 2018, the account had a "New Balance" of $239.01, with a "Minimum Payment Due" of $187.00 and a "Payment Due Date" of May 14, 2018.

28.     Exhibit B also states that the account incurred a "Late Fee" of $37.00 on April 14, 2018.

29.     On or about May 18, 2018, Citibank mailed Plaintiff Wolf another account statement, associated with the same "Sears Card" account with an account number ending in 9051. A copy of this account statement is attached to this complaint as Exhibit C.

4

30. Exhibit C contains the following:

| Summary of Account Activity | |
|---|---|
| Previous Balance | $239.01 |
| Payments | -$0.00 |
| Other Credits | -$0.00 |
| Purchases | +$0.00 |
| Cash Advances | +$0.00 |
| **Fees Charged** | **+$37.00** |
| **Interest Charged** | **+$5.62** |
| New Balance | $281.63 |
| Past Due Amount | $187.00 |

| | |
|---|---|
| Credit Limit | $0.00 |
| Available Credit | $0.00 |
| Amount Over Credit Limit | $31.63 |
| Statement Closing Date | 05/18/2018 |
| Next Statement Closing Date | 06/17/2018 |
| Days in Billing Cycle | 31 |

| Payment Information | |
|---|---|
| New Balance | $281.63 |
| Minimum Payment Due | $233.00 |
| Payment Due Date | June 14, 2018 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $38.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 4 months | $290 |

If you would like information about credit counseling services, call 1-877-337-8188.

31. Exhibit C also contains the following:

**TRANSACTIONS**

| Trans Date | Description | Amount |
|---|---|---|
| **FEES** | | |
| 05/14 | LATE FEE | $ 37.00 |
| | TOTAL FEES FOR THIS PERIOD | $ 37.00 |
| **INTEREST CHARGED** | | |
| 05/18 | INTEREST CHARGE ON PURCHASES | $ 5.62 |
| | TOTAL INTEREST FOR THIS PERIOD | $ 5.62 |

32. Exhibit C states that, as of the statement's closing date, May 18, 2018, the account had a "New Balance" of $281.63, with a "Minimum Payment Due" of $233.00 and a "Payment Due Date" of June 14, 2018.

33. Exhibit C also states that the account incurred a "Late Fee" of $37.00 on May 14, 2018 as well as "interest charged on purchases" of $5.62 on May 18, 2018.

34. On or about May 15, 2018, UCB mailed a debt collection letter to Plaintiff Wolf regarding an alleged debt, associated with the same "Sears Card" account with an account number ending in 9051. A copy of this letter is attached to this Complaint as Exhibit D.

5

35. The alleged debt referenced in Exhibits B-D was incurred by use of a store-branded credit card, which was used exclusively purchases of clothing and household goods at department stores, including "Sears" stores.

36. Upon information and belief, Exhibit D is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

37. Exhibit D was the first letter UCB sent to Plaintiff Wolf regarding this alleged debt.

38. Exhibit D contains the statutory debt validation notice that the FDCPA, 15 U.S.C. § 1692g, requires the debt collector to mail along with, or within five days of, the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

39. Exhibit D also includes the following representations:

| | |
|---|---|
| Creditor: | CITIBANK, N.A. |
| Regarding: | SEARS CARD |
| Last Four Digits of Creditor Account Number: | XXXXXXXXXXXX9051 |
| United Collection Bureau, Inc. Reference Number: | ▇▇▇5851 |
| New Balance: | $239.01 |
| Minimum Payment Due: | $187.00 |

40. Exhibit D thus indicates that the "New Balance" of Plaintiff Wolf's alleged debt is $ 239.01.

41. Exhibit D also states: "As of the date of this letter, you owe the above stated New Balance Amount."

42. The "New Balance" of Plaintiff Wolf's alleged debt, however, fails to account for the $37.00 late fee imposed on May 14, 2018.

43. Exhibit D thus plainly misstates the total balance of Plaintiffs alleged debt as of the date of the letter.

44. Furthermore, Exhibit D states that Plaintiff Wolf's account had a "New Balance" of $239.01 on May 15, 2018, but Exhibit C, sent just a few days later, states that Plaintiff's account had a "New Balance" of $281.63 on May 18, 2018.

45. Likewise, Exhibit D states that Plaintiff Wolf's account had a "Minimum Payment Due" of $187.00 on May 15, 2018, but Exhibit C states that Plaintiff's account had a "Minimum Payment Due" of $233.00 on May 18, 2018.

46. The unsophisticated consumer would be confused by the differing amounts stated and would be unable to determine the actual account balance and minimum payment due as of May 15, 2018, the date of Exhibit D.

47. Plaintiff Wolf was misled and confused by Exhibit D.

48. The unsophisticated consumer would be misled and confused by Exhibit D.

### The FDCPA

49. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler &*

7

*Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

50.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection

8

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

51. 15 U.S.C. § 1692e generally prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt."

52. 15 U.S.C. § 1692e(10) specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53. 15 U.S.C. § 1692g states:

a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

54. The Seventh Circuit has held that a debt collector must state the correct amount of the debt on the date a letter is sent to a consumer. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000):

> It is no excuse that it was "impossible" for the defendants to comply when as in this case the amount of the debt changes daily. What would or might be impossible for the defendants to do would be to determine what the amount of the debt might be at some future date if for example the interest rate in the loan agreement was variable. What they certainly could do was to state the total amount due--interest and other charges as well as principal--on the date the dunning letter was sent. We think the statute required this.

55. While *Miller* addressed a debt collector's obligation to provide the amount of the debt under 15 U.S.C. § 1692g(a)(1), the Seventh Circuit has held that the standards for claims

9

under § 1692e and § 1692g are the same. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006).

> We cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis. Whether or not a letter is 'false, deceptive, or misleading' (in violation of § 1692e) or 'unfair or unconscionable' (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of § 1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter.")

56. Misstatement of a consumer's debt is a *per se* violation of 15 U.S.C. § 1692g(a)(1). There is no materiality inquiry required where a debt collector fails to make a disclosure required under § 1692g. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 ("for good reason, we have not extended the implicit materiality requirement of § 1692e to reach claims under §1692g(a).").

57. Moreover, misstatement of a consumer's debt is a material false statement (*see Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009)) because it misleads the unsophisticated consumer about the amount of the debt. 15 U.S.C. § 1692e(2)(a).

## **COUNT I – FDCPA**

58. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

59. Count II is brought on behalf of Plaintiff Merkovich.

60. By including a settlement offer to be paid over twelve months indicating with installments due by the 30th of each month, Exhibit A is confusing, deceptive, and/or misleading to the unsophisticated consumer as to the deadline for the installment due in February of 2019.

10

61. By stating that the installments are due by the 30th of each month, Exhibit A is misleading as to whether UCB would revoke the settlement offer.

62. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

## COUNT II - FDCPA

63. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

64. Count II is brought on behalf of Plaintiff Wolf.

65. Exhibit D misstated both the total balance owed as of the date of the letter.

66. Additionally, by listing a "Minimum Payment Due" which was considerably less than the "Minimum Payment Due" listed by Exhibit C, sent by the creditor just a few days later, Exhibit D is misleading as to the amount which would bring the account current.

67. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1).

## CLASS ALLEGATIONS

68. Plaintiffs bring this action on behalf of two classes.

69. Class I consists of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between March 14, 2018 and March 14, 2019, inclusive, (e) that was not returned by the postal service. Plaintiff Merkovich is the proposed class representative of Class I.

70. Class I consists of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by Exhibit D to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) owed to Citibank and

11

associated with a "Sears Card," (e) between March 14, 2018 and March 14, 2019, inclusive, (f) that was not returned by the postal service. Plaintiff Wolf is the proposed class representative of Class II.

71. Each class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of Each class.

72. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with the FDCPA.

73. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

74. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

75. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

76. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 14, 2019

                              **ADEMI & O'REILLY, LLP**

                By:    /s/ Mark A. Eldridge
                        John D. Blythin (SBN 1046105)
                        Mark A. Eldridge (SBN 1089944)
                        Jesse Fruchter (SBN 1097673)
                        Ben J. Slatky (SBN 1106892)
                        3620 East Layton Avenue
                        Cudahy, WI 53110
                        (414) 482-8000
                        (414) 482-8001 (fax)
                        jblythin@ademilaw.com
                        meldridge@ademilaw.com
                        jfruchter@ademilaw.com
                        bslatky@ademilaw.com